Alice OLENIN, Appellant,

v.

CURTIN & JOHNSON, INC., et al.,
Appellees.

No. 21104.

United States Court of Appeals
District of Columbia Circuit.

Submitted Oct. 29, 1968.

Decided Nov. 27, 1968.

Certiorari Denied April 21, 1969.
See 89 S.Ct. 1485.

As Modified March 2, 1970.

Mr. Arthur S. Curtis, Washington, D. C., submitted on the brief for appellant.

Messrs. Denver H. Graham, and Albert E. Brault, Washington, D. C., submitted on the brief for appellees.

Before BAZELON, Chief Judge, and DANAHER and BURGER, Circuit Judges.

PER CURIAM:

This appeal arises out of an action for damages for personal injuries occurring when Appellant sustained ankle and leg injuries in a fall.

Appellant urges that the trial court erred in failing to grant a mistrial motion following allegedly improper comments by defense counsel during voir dire, that the evidence was insufficient to support the court's instruction on contributory negligence, and that prejudicial comments by defense counsel in closing argument necessitated a new trial. Our review of the record satisfies us that there was no error in the instruction and that the impropriety in closing argument was not such as to warrant reversal.

While, on the whole record, counsel's closing argument to the jury does not warrant reversal, it calls for comment. Defense counsel argued that one of plaintiff's witnesses "told a lie, that he committed perjury on the stand * * *." We occasionally have found it necessary to remind counsel of the elementary rule, stated in the Canons of Ethics and interpretative opinions[1] which forbids an advocate from arguing to the jury *his* opinion or *his* appraisal of the issues, of the evidence, or of the credibility of a witness. It is unprofessional conduct, meriting discipline by the court, for counsel either to vouch for his own witnesses or to categorize opposing witnesses as "liars"; that issue is *for the jury*. Not unlike yet other courts, we have more than once noted the frequency with which our records disclose violations of standards of permissible argument. As we said in Harris v. United States, 131 U.S.App. D.C. 105, 108, 402 F.2d 656, 659 (1968), we "must rely primarily on the trial judges to make clear that they do not want such argument," and we further pointed out that "disciplinary mechanisms are available to the trial courts to deal with unlawyerlike behavior."

We are fortified in our reiteration of our view in the foregoing respects after consideration of the Code of Professional Responsibility prepared by the American

---

1. *Cf.*, to like effect, EC 7–24, Code of Professional Responsibility, *supra*.

Bar Association Special Committee on Evaluation of Ethical Standards and unanimously adopted by the ABA House of Delegates in 1969, with specific reference, for present purposes, to DR 7–106(C) (4) which reads:

"(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:

\* \* \* \* \* \*

(4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.[1]"

Affirmed.